(C.D. 3216)

MARFREE, INC., ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 6, 1967)

*John C. Ray* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the protests listed in the schedule, annexed to this decision and made a part hereof, consists of testers, which were assessed with duty at the rate of 22½ per centum ad valorem pursuant to the provisions of paragraph 396 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as screwdrivers, wholly or in chief value of metal, not specially provided for, or at the rate of 15 per centum ad valorem, under the provisions of paragraph 353 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as other articles suitable for producing or distributing electrical energy.

It is claimed in said protests that the merchandise in issue consists of articles having as an essential feature an electrical element or device, within the purview of said paragraph 353, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, or by the Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, supplemented by Presidential Proclamation No. 3479, 97 Treas. Dec. 430, T.D. 55649, at the rate of 13¾ per centum ad valorem or 12½ per centum ad valorem, depending upon the date of entry.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

It is hereby stipulated and agreed to by and between the Counsel for the Plaintiff and the Assistant Attorney General for the United States that the merchandise marked "A" and initialed JMC by Examiner John M. Cline on the invoices covered by the protests enumerated in the Schedule attached hereto and made a part hereof, classified by the Collector of Customs as follows: voltage tester No. 202, spark plug tester No. 191, and car-light tester No. 184, with screw-driver bit under paragraph 396 of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T.D. 52739, at the rate of 22½% ad valorem as screw-drivers; and in the case of car-light testers No. 181 with a probe, under provisions of paragraph 353 of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T.D. 51802 at the rate of 15% ad valorem as articles suitable for distributing electrical energy, – consists of articles used for testing or checking electrical energy having as an essential feature an electrical element or device, in all material respects the same as the subject matter of Marfree, Inc., vs. United States, C.D. 2775, wherein it was held that such articles were dutiable under paragraph 353 of the said Act, as modified and amended, and subject to duty at the rate of 11½% ad valorem or other rates depending upon the date of entry.

It is further stipulated and agreed that the record in said Marfree, Inc., vs. United States, C.D. 2775 is to be incorporated in the record of this case, and that the protests herein be submitted on this stipulation, the protests being limited to the items marked "A" as aforesaid and Plaintiff waives the right to further amend these protests, and abandons all other claims.

Upon the agreed statement of facts and the cited authority, we hold the merchandise here in question, identified by invoice items marked and initialed as aforesaid, to be dutiable at the rate of 13¾ per centum ad valorem or 12½ per centum ad valorem, depending upon the date of entry, as articles having as an essential feature an electrical element or device, as provided in paragraph 353, as modified by the Torquay protocol, *supra*, or said Presidential proclamations. To the extent indicated, the specified claim in the protests is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.